IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA VALDEZ HERNANDEZ,
as parent of J.V., a minor child,

       Plaintiff,

v.                                                         CIVIL NO. 13cv00939 WJ-WPL

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR JUDGMENT
## ON PLAINTIFF'S CLAIMS OF DISCRIMINATION

THIS MATTER comes before the Court upon a Motion for Judgment on Plaintiff's Appeal and Claims of Discrimination, filed on September 11, 2014 by Defendant Board of Education of Albuquerque Public Schools **(Doc. 27).** Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and, accordingly, it is GRANTED.

### BACKGROUND

Plaintiff (or "Parent") filed this case on behalf of her son J.V., a student in the Albuquerque Public Schools ("APS") following an administrative due process hearing request under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(i)(3)(A). J.V. has a medical diagnosis of Down Syndrome and a hearing impairment. The IDEA due process Hearing Officer ruled against the Parent and in favor of the school district. Plaintiff's lawsuit is both an IDEA civil action following an administrative due process hearing. The lawsuit challenges APS's delivery of special education to J.V., and seeks judicial review of the

administrative due process Hearing Officer's final decision pursuant to 20 U.S.C. §1415(i)(2)(A).  Plaintiff also seeks remedy for discrimination against J.V. on the basis of disability (Title II of the ADA, 42 U.S.C. §12101 and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794(a)).  Plaintiff contends that APS has intentionally discriminated against J.V. on the basis of disability; that J.V. has been denied access to education (and language) and has suffered harm resulting in damages from APS's deliberate indifference to meeting his needs resulting from hearing impairment.

Plaintiff contends that consideration of APS's instant motion "is dependent on APS prevailing on IDEA claims" because consideration of this motion prior to a decision on the IDEA appeal "negates Parent's procedural right to judicial review of the IDEA decision."  Doc. 30 at 5-6.  The Court agrees with Plaintiff, and for that reason has considered Plaintiff's IDEA appeal first, concluding that the hearing officer's decision in favor of APS should be upheld. Doc. 51.  The Court now addresses Plaintiff's discrimination claims brought under §504 and Title II.

**DISCUSSION**

Defendant contends that the Court's affirmance of the hearing officer's decision means that Plaintiff's ADA and §504 claims fail as a matter of law.  However, Plaintiff argues that Defendant's position ignores Tenth Circuit precedent which holds that failure of a plaintiff's IDEA appeal does not necessarily foreclose a district court's consideration of discrimination claims.  *See Ellenberg v. New Mexico Military Institute*, 478 F.3d 1262, 1267 (10th Cir. 2007) (holding that although plaintiffs failed to exhaust IDEA administrative procedures, they were not barred from bringing claims under the Rehabilitation Act and the ADA).  Plaintiff urges the

Court to consider Defendant's motion because of the absence of law to support it, and instead head straight to trial on Plaintiff's discrimination claims.

## I.     Standards for Court's Consideration of Discrimination Claims

Plaintiff is correct that failure of IDEA claims does not automatically translate into a failure of discrimination claims and that students with disabilities may have different legal rights in the educational setting under nondiscrimination laws than they can obtain under the IDEA. *K.M. ex rel. Bright v. Tustin Unified School Dist.*, 725 F.3d 1088, 1100 (9th Cir. 2013) (holding that district court erred in granting summary judgment on basis that Title II ADA claim was foreclosed as a matter of law solely by the failure of IDEA claim).  On the other hand, Plaintiff seems to ignore Tenth Circuit precedent holding that there are instances where the failure of a plaintiff's IDEA claim can foreclose the litigation of discrimination claims.  Plaintiff cites to portions of Tenth Circuit case law which are self-serving but overlooks other portions that are relevant and critical to the issue of whether Plaintiff's discrimination claims here may proceed.

In *Ellenberg v. New Mexico Military Institute,* the Tenth Circuit held that although the parents' IDEA claims failed because of a failure to exhaust, they could still proceed on their claim against the New Mexico Military Institute alleging that the student was unlawfully discriminated against by denying her admission based upon her disability even though she was qualified to attend.  478 F.3d at 1262.  Plaintiff relies on *Ellenberg* to emphasize the separateness of a plaintiff's IDEA claims and claims premised on nondiscrimination statutes, but as Defendant notes, Plaintiff omits the most pertinent aspects of the opinion.   In *Ellenberg,* the Tenth Circuit found that the district court's dismissal of plaintiffs' claims under the Rehabilitation Act ("RA") and Title II of the ADA was in error "[b]ecause plaintiffs' claims under the RA and ADA are separate and distinct from the IDEA claim . . . ."

Plaintiff relies on another Tenth Circuit case, *Moseley v. Bd. of Educ. of Albuquerque Public Schools,* as a case which has left "unresolved" a distinction between a right to pursue a "pure discrimination claim" and a right to pursue a discrimination claim based entirely on the same facts as an IDEA claim." 483 F.3d 689, n. 5 (10th Cir. 2007).   However, *Moseley* held only that it was not necessary to address the question of the nature of plaintiff's discrimination claims because the claims had been mooted by plaintiff's graduation from high school, and no remedies were available to him. *Id.* at 692-94 & n.5. The *Moseley* footnote went even further, recognizing that the district court's dismissal of the discrimination claims were "arguably in conflict" with the holding in *Ellenberg*, but pointed out that, unlike the plaintiff in *Ellenberg*, Mr. Moseley had based his §504 and Title II claims "on entirely the same facts as his IDEA claim. . . ." *Id.*[1]

Plaintiff also cites to language from *Tustin Unified Sch. Distr.,* 725 F.3d at 1097 (*see* Doc. 30 at 6) which states that the IDEA "coexists" with nondiscrimination statutes and that as a result, courts evaluating claims under the IDEA and discriminations statutes "must analyze each claim separately under the relevant statutory and regulatory framework." *Id.* at 1101.   However, Plaintiff overlooks other language in that same case in which the Ninth Circuit stated that:

> nothing in our holding should be understood to bar district courts from applying ordinary principles of issue and claim preclusion in cases raising both IDEA and Title II claims where the IDEA administrative appeals process has functionally adjudicated some or all questions relevant to a Title II claim in a way that precludes relitigation.

---

[1] The Tenth Circuit held that the district court erred in granting summary judgment to the school district on plaintiff's discrimination claims because it determined that "denial of the IDEA claim precluded the §504 and Title II claims as all three claims shared the same substantive standard and the same set of facts gave rise to each."   483 F.3d at 692.

*Tustin Unified School Dist.*, 725 F.3d at 1101.[2] Thus, *Tustin* would bar discrimination claims from being heard if those claims sought the same relief (a FAPE) and were based on the same facts as a failed IDEA appeal.

## II. Plaintiff's Discrimination Claims Should Not Proceed

Based on Tenth Circuit precedent, the next step is not as Plaintiff urges, to proceed to trial on Plaintiff's claims under §504 of the Rehabilitation Act and Title II of the ADA, but rather to determine whether those claims should proceed in light of the failed IDEA appeal by examining the nature of those claims. Both § 504 and Title II prohibit a denial of benefits or services because of an individual's handicap or disability. Title II of the ADA instructs:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Section 504 of the Rehabilitation Act states:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a); ); *see McGeshick v. Principi*, 357 F.3d 1146, 1150 (2008) (Rehabilitation Act and ADA follow same standards).

In *Ellenberg,* the Tenth Circuit found that the IDEA offered no relief for the discrimination claims because "they [did] not relate to the provision of a FAPE" and instead, "challenged the alleged discriminatory admissions practices of a state-funded secondary school." 478 F.3d at 1281. Here, Plaintiff frames the discrimination claims as (1) a "pure discrimination claim" asserting that J.V. was denied instruction in American Sign Language

---

[2] The Court obviously does not consider *Tustin* as controlling precedent, but includes discussion here because Plaintiff strongly relies on this case and because *Tustin's* holding and reasoning is consistent with Tenth Circuit precedent.

("ASL") because he has Down Syndrome when nondisabled, hearing students were entitled to receive foreign language instruction or English as a second language ("ESL"); and (2) a discrimination based on the same facts relied on for an IDEA claim, asserting a failure to utilize the FM system equipment provided by APS audiology to amplify the teacher's voice for a student.[3]

Here, unlike the situation in *Ellenberg,* Plaintiff's discrimination claims are not separate and distinct from the claims and relief requested in the IDEA appeal.  While Plaintiff's counsel attempts to recast them as separate and distinct discrimination claims, they relate exclusively to whether FAPE was provided to J.V.   In the IDEA appeal, Plaintiff had argued that J.V. should have been immersed in ASL in order to improve his communication skills and that the FM system was used haphazardly and inconsistently.   The record indicated that ASL was not used because it would not be the best approach in improving J.V.'s communication skills, and that J.V.'s cognitive deficits were a significant barrier to the development of language skills.[4]  *See* Doc. 51 at 21, 25-27.  The record also showed that the FM system was often distracting and inefficient when used in an intensive support program ("ISP" classroom), when other instructional methods such as preferential seating and one-on-one instruction proved to be more effective.  *See* Doc. 51 at 23-24.

---

[3]  The FM system is an assistive technology device used to amplify sound. It consists of a headset, worn by a student, and microphone which is worn by the teacher. The IDEA considers an FM system to be an audiological related service. See 34 C.F.R. §300.5 (assistive technology device definition).

[4]  While the Court need not pass on the merits of Plaintiff's discrimination claims, the Court cannot help but note there is a difference between nondisabled students learning foreign languages, or receiving ESL instruction and J.V. receiving instruction in ASL.  Nondisabled students receive instruction in their primary language in order to learn a second.  *See* Doc. 51 at 26 (testimony that deaf or hearing impaired students received instruction in various subjects though ASL "as their primary mode of communication").  Thus, it would be difficult to view ASL instruction as an "accommodation" that the school district refused to provide because of J.V.'s disability, since J.V. was having difficulty developing language and communication in any language.  *See Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir. 1997) (setting out prima facie case of disability discrimination under Rehabilitation Act).

Plaintiff's objectives on the discrimination claims are identical to those argued for in the IDEA appeal.  The claims and requested relief concern matters relating to the provision of FAPE:  to obtain ASL immersion for J.V., and to require APS to use the FM system more consistently and frequently in the J.V.'s classroom environment.   Because the Court upheld the hearing officer's findings and conclusions regarding the provision of FAPE to J.V., and because Plaintiff's discrimination claims are based entirely on the same facts and request the same relief as the failed IDEA claim, Plaintiff's discrimination claims are foreclosed and thus, they are hereby DISMISSED.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Judgment on Plaintiff's Appeal and Claims of Discrimination **(Doc. 27)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

A Final Judgment shall be entered separately.

_____
UNITED STATES DISTRICT JUDGE